```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRIAN N. SHEPHERD,**

    **Plaintiff,**

v.                                    Civil Action No. 5:20CV258
                                              (Judge Kleeh)

**MERRICK B. GARLAND,**
**Attorney General of the United States,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

On December 17, 2020, Plaintiff Brian N. Shepherd ("Plaintiff"), pro se, filed a Complaint against the acting Attorney General of the United States ("Defendant") and requested the Court declare he is not prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(4). Compl., ECF No. 1. On June 14, 2021, Plaintiff filed a Motion for Summary Judgment and on July 9, 2021, Defendant filed a Motion for Summary Judgment and on June 14, 2021. ECF Nos. 11, 12. Plaintiff timely filed a response to Defendant's motion on July 29, 2021, and Defendant replied on August 12, 2021.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge James P. Mazzone for initial review. On September 30, 2021, the Magistrate

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Judge entered a Report and Recommendation ("R&R"), recommending that the Court grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment. ECF No. 18.

## II.   LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317–18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

# MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION, AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).
>
> In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating

Case 5:20-cv-00258-TSK-JPM   Document 22   Filed 03/31/22   Page 4 of 17   PageID #: 198

**Shepherd v. Garland**                                                  **5:20-CV-258**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

>there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Defendant, the non-moving party, and draws any reasonable inferences in Defendant's favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "The law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." Diquollo v. Prosperity Mortg. Corp., 984 F.Supp.2d 563, 570 (E.D. Va. 2013) (citing Fed. R. Civ. P. 56(e), Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996)).

### III. FACTS

Pro se Plaintiff is prohibited from owning or possessing a firearm as a result of being involuntarily hospitalized after he was "severely assaulted and battered, sustaining numerous injuries [and] a concussion." ECF No. 1, Compl., ¶ 7; ECF No. 1-1, Report

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

of Discharge. Plaintiff seeks an order from the Court declaring that he is not prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(4) and directing the Bureau of Alcohol, Tobacco, Firearms, and Explosives to remove him from the prohibited persons list. ECF No. 1, Compl. Plaintiff, a prior "avid target shooter and hunter," was stripped of these activities and wishes to return to his hobbies. Id. at ¶¶ 13, 18.

This issue began on June 7, 2014, when Plaintiff was at a party and became intoxicated. ECF No. 1, Compl., ¶ 5. At the party, a fight broke out which left Plaintiff with serious physical injuries that required treatment at Weirton Medical Center in Brooke County, West Virginia. Id. at ¶¶ 7-8. The mother of one of Plaintiff's attackers "executed an application for involuntary hospitalization, alleging that the plaintiff had threatened his assailants and threatened suicide." Id. at ¶ 9. Plaintiff was held for examination under West Virginia Code § 27-5-2, and transferred to Ohio Valley Medical Center for evaluation after the June 8, 2014, probable cause hearing. Id. at ¶¶ 10-11. Plaintiff was released on June 12, 2014, and according to his discharge papers, the treating physician "assessed him for a mental illness, but could find none," "[did] not understand how he was held down

Case 5:20-cv-00258-TSK-JPM   Document 22   Filed 03/31/22   Page 6 of 17   PageID #: 200

**Shepherd v. Garland**                                                    5:20-CV-258
**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

and apparently kicked in the head numerous times and then ended up being committed here to Hillcrest or perpetrators essentially had no repercussions," and opined "[plaintiff] is quite stable psychologically," "has done well and has been calm and motivated and without evidence of depressive disorder or other mental illness issues," and "has not exhibited any suicidal statements or agitation or other problems." Id. at ¶¶ 12-13.

Plaintiff was released "prior to any final commitment proceeding and has not [] been adjudicated as a mental defective." Id. at ¶ 13. On September 1, 2015, Plaintiff was examined by David V. Kotarsky, Ph.D., who wrote: "Currently, the patient does not appear to meet any mental health diagnosis and he continues to adjust well to the past stressors[.] Given the information gathered, overall, the patient presents a stable mental status. He does not seem to present any serious danger or harm to himself or others." Id. at ¶ 17.

Because of these facts, Plaintiff was notified that he is prohibited from possessing or owning a firearm and was placed on the prohibited persons list by the Bureau of Alcohol, Tobacco, Firearms and Explosives. Id. at ¶¶ 15-16. Plaintiff brought two causes of action against the Attorney General of the United States,

6

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

asserting that he is not "a mental defective," nor was he "committed to any mental institution" under West Virginia Code § 61-7-7 and 18 U.S.C. § 922(g)(4). Id. at ¶¶ 19-27.

### IV.   OBJECTION

The R&R informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Specifically, the magistrate judge gave the parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "written objections, identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections" with the Clerk of the Court. The R&R further warned them that the "[f]ailure to timely file objections . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation." The docket reflects that the R&R was accepted by pro se Plaintiff by certified mail, return receipt requested, on October 6, 2021. ECF No. 20. On October 7, 2021, Defendant, by counsel, timely filed objections to the R&R. ECF No. 19. Plaintiff responded to Defendant's objections on October 27, 2021. ECF No. 21.

When reviewing a magistrate judge's R&R, the Court must review

7

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**A. Defendant objects to the Magistrate Court's recommendation that Plaintiff was not "committed to a mental institution" as contemplated by 18 U.S.C. § 922(g)(4).**

"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The right to keep and bear arms is fundamental. See McDonald v. City of Chicago, 561 U.S. 742 (2010). Indeed, "the Second Amendment confer[s] an individual right to keep and bear arms," but that "right [is] not unlimited" and still authorizes the "longstanding prohibition[] on the possession of firearms by . . . the mentally ill." District of Columbia v. Heller, 554 U.S. 570, 595, 626 (2008). One limitation

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

to an individual's Second Amendment right is codified at 18 U.S.C. § 922(g)(4):

> It should be unlawful for any person . . . who has been adjudicated as a mental defective or who has been committed to a mental institution . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

"[F]ederal law governs the application of Congressional statutes in the absence of plain language to the contrary." Yanez-Popp v. U.S.I.N.S., 998 F.2d 231, 236 (4th Cir. 1993). "Since section 922(g) does not direct [the Court] to apply [state] law in determining whether a defendant has been 'committed' under the statute, the question remains one of federal law." United States v. Midgett, 198 F.3d 143, 145 (4th Cir. 1999). The Court of Appeals for the Fourth Circuit has reasoned, without any definition given by Congress, to "commit" under 18 U.S.C. § 922(g)(4) means "to place officially in confinement or custody." Id. at 146. "There is nothing in . . . § 922(g) which indicates an intent to prohibit the possession of firearms by persons who had been hospitalized for observation and examination, where they were found not to be mentally ill. The statute makes it clear that a commitment is

9

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

required." United States v. Giardina, 861 F.2d 1334, 1337 (5th Cir. 1988) (quoting United States v. Hansel, 474 F.2d 1120, 1123 (8th Cir. 1973)).

Plaintiff's Motion for Summary Judgment largely turns on one issue, and it is the issue to which Defendant objects: whether Plaintiff "has been committed to a mental institution" pursuant to 18 U.S.C. § 922(g)(4). Defendant maintains Plaintiff stayed at Hillcrest Mental Health Facility beyond the observation period and was indeed "committed" within the parameters of the statute. ECF No. 19. In support, Defendant indicates the June 8, 2014, probable cause order stated that he is to be "committed for treatment of mental illness," and directed that Plaintiff "be further examined and treated as required under the provisions of West Virginia Code § 27-5-3, which provides: "[a]ny individual may be admitted to a mental health facility for examination and treatment upon entry of an order finding probable cause as provided in § 27-5-2."

In response, Plaintiff turns the Court's attention to West Virginia Code § 27-5-2 which contemplates "commitment" after the final commitment hearing pursuant to § 27-5-4 and maintains the only "commitment" relevant in the West Virginia Code is that which is contemplated by § 27-5-4. Final involuntary commitment occurs

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

after a final commitment hearing and findings are made by the Circuit Court or Mental Hygiene Commissioner, upon clear, cogent, and convincing proof, authorized by the code:

> (1) Upon completion of the final commitment hearing and the evidence presented in the hearing, the circuit court or mental hygiene commissioner shall make findings as to the following:
> (A) Whether the individual is mentally ill or has a substance use disorder;
> (B) Whether, because of illness or substance use disorder, the individual is likely to cause serious harm to self or others if allowed to remain at liberty;
> (C) Whether the individual is a resident of the county in which the hearing is held or currently is a patient at a mental health facility in the county; and
> (D) Whether there is a less restrictive alternative than commitment appropriate for the individual. The burden of proof of the lack of a less restrictive alternative than commitment is on the person or persons seeking the commitment of the individual: *Provided,* That for any commitment to a state hospital as defined by §27-1-6 of this code, a specific finding shall be made that the commitment of, or treatment for, the individual requires inpatient hospital placement and that no suitable outpatient community-based treatment program exists in the individual's area.

W. Va. Code § 27-5-4(k)(1). While the state statute is not controlling, the Court is urged to consider the committal process outlined by the West Virginia Code. Here, no such "final commitment hearing" was had for Plaintiff, nor were any of the requisite findings made. The proceedings against Plaintiff stopped short after a probable cause order pursuant to § 27-5-2. Indeed, the

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

only proceeding Plaintiff was subject to was the "probable cause hearing" pursuant to § 27-5-2(g) which was held in Brooke County Circuit Court "for the purpose of an examination." § 27-5-2(e). West Virginia Code § 27-5-2(h) distinguishes between "probable cause hearing" and "final commitment hearing": "[i]f the magistrate, mental hygiene commissioner, or circuit court judge at a probable cause hearing or a mental hygiene commissioner or circuit judge at a final commitment hearing held pursuant to the provisions of § 27-5-4 of this code finds . . . ." What apparently happened to Plaintiff in 2014 is contemplated under West Virginia Code § 27-5-3: "[a]ny individual may be admitted to a mental health facility for examination and treatment upon entry of an order finding probable cause as provided in § 27-5-2 of this code. . . ." Not until after a probable cause hearing is held pursuant to § 27-5-2 could "final commitment proceedings" begin under § 27-5-4. Therefore, no "final commitment proceedings" were had and Plaintiff was never "committed."

Notably, Plaintiff points out that the West Virginia legislature revised § 27-5-2a in 2020 to include: "(g) [a]n action taken against an individual pursuant to this section may not be construed to be an adjudication of the individual, nor shall any

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

action taken pursuant to this section be construed to satisfy the requirements of § 61-7-7(a)(4) of this code." W. Va. Code § 27-5-2a(g). The 2020 revision, while cannot be retroactively applied in this case, provides clarity as to the legislature's intent on what constitutes "committed" under the firearm prohibition code section, W. Va. Code § 61-7-7(a)(4). Indeed, "committed to a mental institution" is defined in West Virginia Code § 61-7A-2, which states, in part: "(2) 'Committed to a mental institution' means to have been involuntarily committed for treatment pursuant to the provisions of chapter twenty-seven of this code." W. Va. Code § 61-7A-2(2).

Plaintiff's discharge papers and physician notes make clear that his five (5) day treatment at Hillcrest Mental Health Facility from June 7, 2014, through June 12, 2014, was for temporary observation. The Certificate of Licensed Physician / Psychologist indicates a recommendation that "[t]he Respondent should be finally committed pursuant to § 27-5-4(k) for a temporary observation period [] not to exceed six (6) months." ECF No. 12-2. A probable cause hearing was had on June 7, 2014, after which the Mental Hygiene Commissioner ordered there is probable cause to believe the Respondent is mentally ill, that he be committed for

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,**
**AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

treatment of a mental illness, and that his name be reported to the required agencies pursuant to 61-7A-3. ECF No. 12-2. On the same form order, the Mental Hygiene Commissioner ordered the Plaintiff "be further examined and treated as required under the provisions of West Virginia Code § 27-5-3" which is the code section that requires an order finding probable cause, as opposed to findings required after a final commitment hearing. However, the Mental Hygiene Commissioner further required Plaintiff, who was "involuntarily committed to a mental institution: to "surrender any firearms in [his] ownership or possession" pursuant to W. Va. Code § 61-7-7(a)(4). ECF No. 12-2.

On June 12, 2014, Plaintiff was discharged because "the conditions justifying involuntary hospitalization of the [Plaintiff] no longer exist and [Plaintiff] has been discharged from involuntary commitment pursuant to West Virginia Code § 27-7-1." ECF No. 12-2. Plaintiff's discharge papers show no diagnosis of a mental health disorder or any other DSM-5 diagnosis. ECF No. 12-3. The treating physician noted Plaintiff

> has had some grief issues, but has generally done okay. He got drunk at a girlfriend family's party and had a blood alcohol of 258. Apparently, he had vocalized some hopelessness over his deceased brother. Some of his girlfriend's family members beat him severely . . .

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

> [including' contusions on his face[,] injured ribs and a hematoma on the back of his head. [Plaintiff] was taken to Weirton Hospital and medically cleared. . . Despite that the patient presented here throughout his stay and has been complaining of a headache, double vision, slowness of thoughts and some problems with coordination and balance consistent with a mild concussion.

Id. As to his mental status, Plaintiff "had a neutral affect, and was calm throughout his stay. There was no psychotic thinking. No sustained depressive symptoms and no suicidal or homicidal thoughts." Id. Plaintiff was "held down and apparently kicked in the head numerous times, and then he ended up being committed here to Hillcrest [and his] perpetrators essentially had no repercussions." Id. Finally, "[h]e was involuntarily admitted here and [the physician] sees no reason to keep him further. He has not exhibited any suicidal statements or agitation or other problems. At no point was he psychotic. He agrees to go to outpatient grief counseling, and he was discharged in stable and improved condition." Id.

It does not appear Plaintiff was "committed" under 18 U.S.C. § 922(g)(4). Plaintiff was not "place[d] officially in confinement or custody." United States v. Midgett, 198 F.3d 143, 146 (4th Cir. 1999). The Midgett Court found the defendant was "'committed' to a mental institution as envisioned by 18 U.S.C. § 922(g)(4)" due

15

Case 5:20-cv-00258-TSK-JPM Document 22 Filed 03/31/22 Page 16 of 17 PageID #: 210

Shepherd v. Garland                                              5:20-CV-258

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

in part to his "proven history of mental instability" and "a conclusion . . . that Midgett suffered from a mental illness to such a degree that he was in need of inpatient hospital care." Id. at 146-47. Plaintiff Shepherd did not receive mental health treatment while he was being observed at Hillcrest and was discharged with no history of mental illness and no new mental illness diagnosis. The Court agrees that the Probable Cause Order, "without more, is not enough to support a conclusion that [Plaintiff] was 'committed to a mental institution' within the meaning of 18 U.S.C. § 922(g)(4)." ECF No. 18.

As the Magistrate Judge points out, the Code of Federal Regulations is instructive here. 27 C.F.R § 478.11 defines "committed to a mental institution" as:

> [a] formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes a commitment to a mental institution involuntarily. The term includes a commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. **The term does not include a person in a mental institution for observation** or for a voluntary admission to a mental institution.

(Emphasis added). Plaintiff's records show that he was subject to a 5-day term of observation in Hillcrest. The Court recognizes the variety of ways Plaintiff's stay was categorized by the circuit

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTION,
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

court form documents used to initiate and terminate these proceedings against Plaintiff in the Circuit Court of Brooke County. ECF Nos. 12-2, 12-3. But the Court finds that under 18 U.S.C. § 922(g)(4), Plaintiff was not "committed to a mental institution."

### V.     CONCLUSION

The Court **ADOPTS** the R&R [ECF No. 18], **OVERRULES** Defendant's Objection [ECF No. 19], **GRANTS** Plaintiff's Motion for Summary Judgment [ECF No. 11], and **DENIES** Defendant's Motion for Summary Judgment [ECF No. 12].

This action is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. The Clerk is further **DIRECTED** to enter a separate order of judgment consistent with this Memorandum Opinion and Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED**: March 31, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

17